UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ASHLEY L. JOZWIAK,**

        **Plaintiff,**

-vs-                                                  **Case No. 6:09-cv-1985-Orl-19GJK**

**STRYKER CORPORATION, STRYKER
SALES CORPORATION, McKINLEY
MEDICAL, LLC, MOOG, INC., and CURLIN
MEDICAL, INC.**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Stay All Proceedings Pending Ruling on Motion for Transfer and Consolidation by the Judicial Panel on Multidistrict Litigation by Defendants McKinley Medical, LLC, Moog, Inc., and Curlin Medical, Inc. (Doc. No. 13, filed Dec. 22, 2009); and

2. Joint Response to Motion to Stay All Proceedings in this Action by Stryker Corporation and Stryker Sales Corporation (Doc. No. 26, filed Jan. 5, 2010).

**Background**

**I. Plaintiff's Allegations**[1]

This case concerns an allegedly defective pain pump installed in the shoulder of Plaintiff Ashley L. Jozwiak during a shoulder stabilization surgery performed on March 23, 2005. (Doc. No.

---

[1] The facts presented in this Order are derived from the allegations of the Amended Complaint. These facts are included only to provide context and should not be construed as findings of fact.

28 ¶ 17, filed Jan. 8, 2010.)  Plaintiff alleges that the defective pain pump was manufactured and distributed by Defendants.  (*Id.*)  Plaintiff further maintains that the Defendants' pain pump continuously delivered an anesthetic into her shoulder for an extended period of time following her surgery, which resulted in the total destruction of the entire articular surface of her shoulder, a condition known as gleno-humeral chondrolysis.  (*Id.* ¶ 18.)

**II. Procedural History**

Plaintiff commenced this action by filing a Complaint in the Circuit Court of the Eighteenth Judicial District, in and for Seminole County, Florida, on March 20, 2009.  (Doc. No. 1 at 2, filed Nov. 23, 2009.)  On November 23, 2009, the case was removed to this Court.  (Doc. No. 1.)  Defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 3, filed Nov. 25, 2009; Doc. No. 4, filed Nov. 30, 2009.)  The parties agreed to dismiss the Complaint without prejudice, and on December 30, 2009, the Court dismissed the Complaint without prejudice with leave to amend.  (Doc. Nos. 14, 21, 22.)  Plaintiff timely filed an Amended Complaint.  (Doc. No. 28.)

On December 22, 2009, Defendants McKinley Medical, LLC, Curlin Medical, Inc., and Moog, Inc. ("Moving Defendants") moved to stay all proceedings in this case pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") on a Motion for Transfer and Consolidation of Related Cases ("MDL Motion") filed on November 30, 2009.  (Doc. No. 13.)  The Moving Defendants gave notice that Plaintiff does not oppose the Motion to Stay.  (Doc. No. 16 at 2, filed Dec. 29, 2009; Doc. No. 27 at 2, filed Jan. 6, 2009.)  Defendants Stryker Corporation and Stryker Sales Corporation ("Stryker Defendants") filed a timely response in opposition to the Motion to Stay.  (Doc. No. 26.)

## Standard of Review

### I. Motion to Stay

A district court has the discretionary authority to stay litigation pending the outcome of a related proceeding in another forum. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

## Analysis

The Moving Defendants moved to stay all proceedings in this case pending a ruling by the JPML on the MDL Motion. (Doc. No. 13 at 1-2.) Rule 18 of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

"In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal.

1997) (citing Manual For Complex Litigation, Third, at 252 (1995)).  When considering a motion to stay a case pending a motion to the JPML to transfer and consolidate, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.  *Rivers*, 980 F. Supp. at 1360 (citing *Am. Seafood v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1-2 (E.D. Pa. 1992)).  The moving party must "demonstrate a 'clear case of hardship or inequity' if there is even a 'fair possibility' that the stay would work damage on another party."  *Gold*, 723 F.2d at 1076 (citing *Landis*, 299 U.S. at 255).

**I. Potential Prejudice to the Non-Moving Parties If the Stay is Granted**

The Moving Defendants argue that a stay will prevent prejudice to all parties by avoiding overlapping discovery and simultaneous litigation of "esoteric scientific issues relevant to general and specific causation" in multiple cases.  (Doc. No. 13 at 8-9.)  On the other hand, the Stryker Defendants argue that the requested stay would prejudice them by preventing timely discovery of Plaintiff Jozwiak's medical records in order to determine if the Stryker Defendants are properly named as defendants in this lawsuit.  (Doc. No. 26 at 7.)

The Stryker Defendants may potentially be prejudiced by the requested stay.  They maintain that they will seek discovery from Plaintiff to determine whether they are properly named as defendants in this case.  Contrary to the Moving Defendants' assertions, such Plaintiff-specific discovery would not cause duplicative discovery across cases.  Any discovery probative of whether the Stryker Defendants are proper parties to this case would not be relevant to cases involving

different plaintiffs that may be consolidated with the instant case.[2] Further, there is no evidence that Plaintiff would be prejudiced by producing discovery before the JPML rules on the MDL Motion. The manner in which Plaintiff pleads her claims indicates that she currently possesses some evidence tending to prove that the Stryker Defendants are proper parties to this suit. Pursuant to Federal Rule of Civil Procedure 11(b)(3), all factual contentions in a pleading must either be supported by evidence or qualified by a statement that such factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Plaintiff did not state in the Amended Complaint that her factual allegations against the Stryker Defendants will likely have evidentiary support after reasonable investigation or discovery. (Doc. No. 28.) Therefore, Plaintiff's factual allegations against the Stryker Defendants currently have evidentiary support, and Plaintiff likely possesses documents responsive to Stryker's anticipated requests for discovery. Accordingly, staying this case unnecessarily delays the determination of whether the Stryker Defendants are properly named as defendants in this case.

The Moving Defendants also argue that there is minimal prejudice to the non-moving parties because the JPML will likely issue its decision on the MDL Motion within 60 - 90 days, and thus there will be no extended delay in the commencement of discovery. (Doc. No. 13 at 9-10.) The Moving Defendants, however, offer no evidence that the MDL Motion will be resolved in their favor or that a decision will be rendered in the next 60 - 90 days.[3] The Moving Defendants' speculation

---

[2] The Moving Defendants admit in the Motion to Stay that "the underlying facts and circumstances of the instant case are specific to Ms. Jozwiak, (i.e. surgeon and healthcare providers, dates of surgery, pain pumps and anesthetics used)." (Doc. No. 13 at 4.)

[3] The first request for an MDL in the pain pump cases was denied on August 11, 2008, (Doc. No. 26 at 2), and no party offers any evidence that the circumstances have changed such that the JPML is more likely to grant the pending MDL Motion.

as to the resolution of the MDL Motion does not support staying this case. In light of the potential prejudice to the Stryker Defendants, the first *Rivers* factor does not support staying this case.

## II.  Hardship and Inequity to Moving Parties If the Action is Not Stayed

The Moving Defendants' argue that failure to stay this case will prejudice them because they would bear the unnecessary costs of duplicitous discovery and motion practice. (Doc. No. 13 at 8-9.) The Stryker Defendants argue that the Moving Defendants would not be prejudice if the stay is denied because the Moving Defendants, like themselves, would benefit from discovery early in the case to determine if they are properly named as defendants. (Doc. No. 26 at 8.)

Even if this case is consolidated within 60 to 90 days, the Moving Defendants would suffer little prejudice if the action is not stayed because this case has just begun to develop. As of the date of this Order, the parties have not conducted a Rule 26 Conference, which is a prerequisite to seeking discovery. (Doc. No. 11 at 2, filed Dec. 18, 2009); Local Rule 3.05(c)(2)(B). Conducting a Rule 26 conference would cause minimal prejudice to the Moving Defendants and Plaintiff even if this case is later consolidated, because Rule 26 merely requires the parties to disclose information concerning the claims or defenses that is reasonably available. *See* Fed. R. Civ. P. 26(a)(1)(A), (E). The parties may further minimize any prejudice by seeking to limit their initial disclosures pursuant to Rule 26(a)(1)(C). Accordingly, the second *Rivers* factor also does not support staying this case.

## III.  Conservation of Judicial Resources

Plaintiff cites a number of cases for the proposition that judicial economy is conserved by staying a case pending the resolution of a motion to transfer and consolidate. *See, e.g.*, *Rivers*, 980 F. Supp. at 1360 (noting that if a case is consolidated, the initial trial court may needlessly expend its energy familiarizing itself with the intricacies of a case that would be heard by another judge);

*id.* at 1360-61 (noting that any efforts by the initial court in conducting case management may be replicated by the judge assigned to handle the consolidated matter); *id.* at 1961 ("[T]ransferee judges have been known to vacate or modify previous rulings of the transferor judge."); *In re Bridgestone/Firestone, Inc.*, No. 1373, 2000 WL 33416573, at *2 (J.P.M.L. Oct. 24, 2000) ("[J]urisdictional and remand motions can be presented to and decided by the transferee judge."). However, the majority of these concerns are not present in this case, and therefore do not lend support for staying this case to conserve judicial resources.

As of the date of this Order, no discovery or Rule 26 conference has been conducted in this case, there are no pending motions other than the instant Motion to Stay, and the parties resolved both previously disputed motions by stipulation. (Doc. No. 14 at 2.) In addition, the Court does not foresee the need to familiarized itself with the intricacies of this case or conduct extensive case management prior to the ruling by the JPML on the MDL Motion. Accordingly, the third *Rivers* factor, conservation of judicial resources, does not support staying this case.

In summary, the three *Rivers* factors do not support staying this case. There is also a fair possibility that staying this case would prejudice the Stryker Defendants, and the Moving Defendants have not demonstrated a clear case of hardship or inequity. Therefore, this case should not be stayed pending the resolution of the MDL Motion by the JPML.

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion to Stay All Proceedings Pending Ruling on Motion for Transfer and Consolidation by the Judicial Panel on Multidistrict Litigation by Defendants McKinley Medical, LLC, Moog, Inc., and Curlin Medical, Inc. (Doc. No. 13) be **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 11, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record